J-S54033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE R. PECK | : | |
| | : | |
| Appellant | : | No. 366 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 21, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-SA-0000220-2018

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                           **FILED FEBRUARY 14, 2020**

Appellant, Lawrence R. Peck, appeals from the February 21, 2019 Judgment of Sentence entered in the Dauphin County Court of Common Pleas following his conviction of Driving While Operative Privilege is Suspended or Revoked—DUI Related, 75 Pa.C.S. § 1543(b)(1).  On appeal, Appellant challenges the court's evidentiary ruling precluding Appellant's witness, Katherine Schell, from testifying.  After careful review, we affirm.

The facts, as gleaned from the Notes of Testimony and the trial court's Rule 1925(a) Opinion, are as follows.  On the evening of January 30, 2018, Pennsylvania State Police Trooper Ricardo Carrera approached a Honda Odyssey van registered to Appellant, which was stopped in a residential

neighborhood. The encounter resulted in the Commonwealth charging Appellant with the above offense.[1]

On August 8, 2018, the magistrate court convicted Appellant. On August 14, 2018, Appellant filed a Notice of Appeal from his summary conviction.

On January 29, 2019, Appellant appeared before the trial court for a *de novo* Summary Appeal Hearing. At the hearing, Trooper Carrera testified for the Commonwealth. Appellant and Appellant's son, Anthony Jones, testified on Appellant's behalf.

Relevantly, Trooper Carrera testified that he observed someone driving Appellant's vehicle, then pulling the vehicle over and parking it. He then testified that he observed Appellant exit the vehicle from the driver's seat. Trooper Carrera described approaching the van and observing the presence of at least three children and two adults in the van. In particular, Trooper Carrera observed a woman—later identified as Katherine Schell—in the front passenger seat. Trooper Carrera testified that Appellant, who was standing outside the vehicle, identified himself to Trooper Carrera. Trooper Carrera testified that he then returned to his patrol car and conducted a PennDOT record check with the information Appellant had provided. The record check revealed that Appellant's license was suspended.

---

[1] Appellant has ten prior DUI convictions.

- 2 -

In Appellant's defense, Jones and Appellant both testified that Schell, and not Appellant, had been driving the vehicle. They explained that their organization, Urban Works, had hired Schell to drive because of Appellant's driving record. Both Jones and Appellant offered testimony that the vehicle had been parked for a few minutes before Trooper Carrera approached it. They explained that, during those few minutes, the people inside the van said a prayer, and Appellant and Schell switched seats so that Appellant could assist Schell in disengaging the trunk latch.[2] In sum, Appellant did not dispute that he was aware of his license suspension arising from a DUI conviction. Appellant only disputed that he had been operating the vehicle encountered by Trooper Carrera.

Appellant attempted to call Schell as a witness. As an offer of proof, Appellant's counsel indicated that Schell would testify that Urban Works had hired her as a driver and that she could not recall any instances in which she had been a passenger in the vehicle while Appellant was driving. Counsel conceded that Schell did not have any independent recollection of being in the vehicle on the evening in question. Accordingly, the Commonwealth objected to Schell testifying on relevancy grounds. The court sustained the objection and precluded Schell from testifying, noting that "[w]ithout there being

_____

[2] Appellant and Jones offered conflicting testimony about how Appellant and Schell changed seats. How the testimony conflicted is not germane to the instant appeal.

specific testimony on the day in question, [Schell's testimony doesn't qualify as relevant]." N.T., 1/29/19, at 11.

Finding the testimony of Trooper Carrera credible, and noting the inconsistencies in the testimony of Appellant and Jones, the trial court convicted Appellant. The court sentenced Appellant to a term of 90 days' to 6 months' incarceration. Appellant filed a timely Motion for Reconsideration of Sentence in which he raised an illegal sentence claim. The trial court granted the Motion and, on February 21, 2019, resentenced Appellant to a flat sentence of 90 days' incarceration.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

In a prosecution for Driving Under Suspension, did not the court err in sustaining the Commonwealth's objection to [Appellant's] proffer of testimony from Katherine Schell, when the witness did not have an independent recollection of driving the vehicle on the date in question, but would have described that it was both her habit and the routine practice of [Appellant's] organization for her to serve as driver?

Appellant's Brief at 4.

Appellant's issue challenges the trial court's evidentiary ruling. Appellant argues that the court erred in precluding Schell from testifying on relevance grounds based on Appellant's concession that Schell did not have an independent recollection of the evening in question. *Id.* at 12. He asserts that Schell's testimony was admissible pursuant to Pa.R.E. 406 as evidence of Schell's habit or of Urban Work's routine practice. *Id.*

The admission of evidence is within the discretion of the trial court. ***Commonwealth v. Woodard***, 129 A.3d 480, 494 (Pa. 2015).  "An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will."  ***Woodard***, ***supra*** at 494 (citation omitted).  An abuse of discretion by the trial court, and a showing of resulting prejudice, constitutes reversible error.  ***Commonwealth v. Glass***, 50 A.3d 720, 724-25 (Pa. Super. 2012).

Generally, all relevant evidence is admissible, and evidence is relevant if it has "any tendency to make a fact more or less probable then it would be without the evidence."  Pa.R.E. 401.  ***See also id.*** at 402 (discussing the general admissibility of relevant evidence.  A court may exclude relevant evidence where the danger of unfair prejudice outweighs its probative value. Pa.R.E. 403.

Evidence of habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.  Pa.R.E. 406.  The Comment to Rule 406 explains that the "concepts of 'habit' and 'routine practice' denote conduct that occurs with fixed regularity in repeated specific situations[,]" and instructs that a court should

determine whether one's actions are habitual or routine on a case-by-case basis. *Id.* at Cmt.

Instantly, Appellant proffered that: (1) Schell did not have an independent recollection of who was driving the van on the night in question or even if she had been present; (2) that Urban Works hired her as a driver; and (3) that she did not recall any instances where she was a passenger in the van while Appellant drove it. N.T. at 11. Appellant's vague offer of proof failed to provide any additional information indicating that Schell would testify about, for example, when Urban Works hired Schell as a driver or how often she drove the vehicle. *See*, *e.g.*, *Commonwealth v. Sanchez*, 848 A.2d 977, 984 (Pa. Super. 2004) (holding that "two instances of forgery do not rise to the level of 'continuous and systematic' conduct" for purposes of admissibility under Rule 406). Thus, the trial court did not abuse its discretion in concluding that Appellant's offer of proof did not establish that Schell would testify that she drove the vehicle with "fixed regularity in repeated specific situations."[3]

---

[3] Moreover, even if the trial court erred in making an evidentiary ruling, we may affirm the judgment of sentence if that error was harmless. *Commonwealth v. Wright*, 742 A.2d 661, 667 (Pa. 1999) (Castille, J., concurring and dissenting). "[T]he doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt." *Commonwealth v. Allshouse*, 36 A.3d 163, 182 (Pa. 2012) (citation and internal quotation marks omitted). Harmless error exists when, *inter alia*, the erroneously admitted evidence was merely cumulative of other, substantially similar, evidence. *Commonwealth*

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/14/2020</u>

---

***v. Green***, 162 A.3d 509, 519 (Pa. Super. 2017) (*en banc*). Here, even if the trial court had erred, its error would be harmless because Appellant's proffered evidence was cumulative of his own testimony and that of his son, that Urban Works had hired Schell to drive the van.